FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 DEC 22 PM 2:05

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

ROBERT PATTERSON,

    Plaintiff,

vs.

SELENE FINANCE LP,

    Defendant,

_____/

CASE NO.:

5:16-CV-730-OC-41PRL

DEMAND FOR JURY TRIAL

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, ROBERT PATTERSON (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, SELENE FINANCE LP, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA) and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiff is an individual who owned real property in Lake County, Florida, subject to a note and mortgage serviced by Defendant.

5. Plaintiff is a consumer as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign limited partnership as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Lake County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Lake County, Florida, by the Defendant's placing of telephone calls to Plaintiff cellular telephone in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a Selene Finance Mortgage, Account No. ending in –9499.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. In April, 2016, Plaintiff received a phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant to stop calling his cellular telephone.

13. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on or about April 5, 2016 when Plaintiff verbally advised Defendant to stop calling his cellular telephone.

14. Plaintiff continued to receive calls from Defendant after verbally advising Defendant, in April, 2016, to stop calling Plaintiff's cellular telephone.

15. On or about May 17, 2016, Plaintiff received another phone call from Defendant to collect a debt. During the telephone call, Plaintiff advised Defendant, for the second time, to stop calling his cellular telephone.

16. Plaintiff is the regular user and carrier of the cellular telephone number ending in -2750 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted on or about April 5, 2016.

18. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

19. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from April 5, 2016 through the filing of this complaint.

20. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

21. The following phone number, (877) 735-3637, is a phone number of Defendant.

22. Defendant has, or should be in possession and/or control of call logs, account notes, reports and/or other records that detail the exact number of all calls made to Plaintiff.

23. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

24. Plaintiff did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiff after Plaintiff answered the telephone call.

25. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

26. Some of the voicemail messages received by Plaintiff on his cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

27. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

28. The calls from Defendant to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking his consent.

29. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

30. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

31. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

32. Plaintiff incorporates all allegations in paragraphs 1-31 as if stated fully herein.

33. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

34. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

35. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified on multiple occasions to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, ROBERT PATTERSON, demands judgment against Defendant, SELENE FINANCE LP, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

36. Plaintiff incorporates all allegations in paragraphs 1-31 as if stated fully herein.

37. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

38. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

39. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

40. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, ROBERT PATTERSON, demands judgment against Defendant, SELENE FINANCE LP, for the following relief:

    a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after April of 2016;

    b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_/s/ Robert Patterson_
ROBERT PATTERSON

STATE OF FLORIDA
COUNTY OF Lake

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this 15th day of November, 2016, by ROBERT PATTERSON, who is personally known to me or who produced P362-776-58-092-0 as identification and who did take an oath.

**LAURA SOLTAU**
Notary Public, State of Florida
Commission# FF 939609
My comm. expires Nov. 30, 2019

Signature of Notary Public
Print, Type, Stamp Name of Notary

Date: 11/15/2016

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**